IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY WEIMER, | CV 18-78-M-DLC-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| GOOGLE INC.; MICROSOFT COPORATION; FEDERAL COMMUNICATION COMMISSION; U.S. DEPARTMENT OF JUSTICE, | |
| Defendants. | |

The above named Defendants move to dismiss pro se Plaintiff Anthony Weimer's Complaint for failure to state claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Communications Commission and U.S. Department of Justice ("federal Defendants") and Google Inc. also move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), and Weimer cross-moves for summary judgment. For the reasons set forth below, Defendants' motions should be granted, Weimer's cross-motion for summary judgment should be denied, and this matter dismissed.

I.   **Background**

On April 26, 2018, Weimer filed a Pro Se Non-Prisoner Complaint Form naming Google Inc., Microsoft Corporation, the Federal Communication

1

Commission, and the U.S Department of Justice as Defendants. (Doc. 1). Weimer asserts federal court jurisdiction based on a United States government defendant, federal question, and diversity of citizenship. (Doc. 1, at 5). In his statement of claims, Weimer lists the following alleged constitutional and statutory violations (parentheticals added):

(1) U.S. (Constitution) First Amendment;

(2) 18 U.S.C. § 1462 ("Importation or transportation of obscene matters");

(3) 18 U.S.C. 1465 ("Production and transportation of obscene matters for sale or distribution");

(4) 18 U.S.C. § 1466 ("Engaging in the business of selling or transferring obscene matter");

(5) 18 U.S.C. § 1470 ("Transfer of obscene material to minors");

(6) 47 U.S.C. § 223(d) ("Sending or displaying offensive material to persons under 18");

(7) 47 U.S.C. §§ 230-231 ("Protection for private blocking and screening of offensive material");

(8) Mont. Code. Ann. § 45-8-201 ("Montana criminal obscenity");

(9) N.Y.P.L. § 235 ("New York criminal obscenity");

(10) C.A.P.C. § 313 ("California criminal obscenity");

(11) 20 C.F.R. § 75.1 (Adam Walsh regulation, "Record keeping requirements – Sexual exploitation and abuse of children");

(12) 18 U.S.C. § 2252 ("Certain activities relating to material involving the

2

sexual exploitation of minors");

(13) 18 U.S.C. § 2252A ("Certain activities relating to material constituting or containing child pornography").

(Doc. 1, at 6).

The supporting factual allegations in the Complaint read in their entirety as follows (spelling or grammatical errors are in the original):

I navigated Google and Microsoft products, in the World Wide Web, to view pornographic content under the age of 18, 17, and 16. I was near criminally charged for what I perceive to be an agency of the U.S. DOJ from illegal and unlawful entrapment. Also for failure for the FCC part in preventing wireless devices from easily accessing unregulated adult content by minors, systems that directly connect to the internet which allowed material harmful to minors without parents or guardians aware to take preventitive measures in controling said content.

(Doc. 1, at 6).

In response to a question asking for a description of each defendant's wrongful conduct, Weimer alleges that Google and Microsoft "permitted access to minors, adult content without age verification or adult content warnings." (Doc. 1, at 6). With respect to the federal Defendants, Weimer claims that the Federal Communications Commission "failed to take precautionary steps with the largest wireless communications devices with allowing unregulated adult content accessible to minors of the age of 13 and younger depending on the circumstances," and accuses the Department of Justice of "illegally and unlawfully

3

us[ing] means to criminally entrap individuals knowingly and intentionally leading to further damages." (Doc. 1, at 6).

Weimer seeks nearly one billion dollars in damages, and alleges injuries in the form of "[g]enital mutilation/maiming," "[e]motional and psychological violation" including "[s]piritual lostness," and "[n]ear loss of life and near being criminal charged by illegal and unlawful means." (Doc. 1, at 7).

## II.   <u>Legal Standards</u>

### A.   **Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal

jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge the court must assume the allegations in the complaint are true and it must "draw all reasonable inferences in [plaintiff's] favor." *Wolfe*, 392 F.3d at 362. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

### B.    Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court's standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations," a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Ashcroft*, 556 U.S. at 677-78.

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, the plaintiff is appearing pro se, the court liberally construes the allegations in the complaint. *See e.g. Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997).

## III.  Discussion

### A.  Subject Matter Jurisdiction

The federal Defendants move to dismiss the Complaint for lack of subject matter jurisdiction on the ground that there has been no waiver of sovereign immunity authorizing any of Weimer's claims against the United States or its agencies.

It is well-established that "the United States can be sued only to the extent it has waived its sovereign immunity." *Cato v. United States,* 70 F.3d 1103, 1107 (9th Cir. 1995). A waiver of the United States' sovereign immunity must be unequivocally express and is strictly construed in favor of the government *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). Absent an unequivocally expressed waiver, there is no federal court jurisdiction. *Dunn & Black, P.S.*, 492 F.3d at 1087. The plaintiff bears the burden of showing that the United States has waived its sovereign immunity. *Cato*, 70 F.3d at 1107.

As set forth in the Complaint, Weimer's First Amendment claim seeks money damages for unspecified constitutional violations. The United States has not waived its sovereign immunity as to constitutional tort claims for money damages. See *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Thus, to the extent Weimer brings a First Amendment claim against the federal Defendants, there has been no waiver of sovereign immunity and subject matter jurisdiction is lacking. Weimer's

Complaint further alleges unspecified violations of several federal and state criminal and civil statutory and regulatory provisions, none of which contains any waiver of sovereign immunity for suits against the United States or its agencies.

Although Weimer has not pled a waiver of sovereign immunity, the Court notes that the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., and Administrative Procedures Act (APA), 5 U.S.C. §§ 71-706, both provide for limited waivers of the federal government's sovereign immunity. The FTCA authorizes tort claims for money damages against the United States, but requires that a plaintiff first present an administrative claim to the appropriate federal agency before bringing suit in federal court. 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Weimer does not allege compliance with the FTCA's administrative exhaustion requirement, and there is nothing in the Complaint to suggest that he has submitted an administrative claim to any federal agency. Because Weimer has not alleged exhaustion of administrative remedies, any FTCA claims he may have against the federal Defendants are properly dismissed for lack of subject matter jurisdiction.

To the extent Weimer's Complaint can be liberally construed as alleging a claim under the APA, the APA's limited waiver of sovereign immunity does not

8

apply. The APA waives sovereign immunity for actions "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. By its terms, the APA's waiver of sovereign immunity does not apply to claims for money damages. See, *Tucson Airport Authority v. General Dynamics Cop.*, 136 F.3d 641, 645 (9th Cir. 1998). In addition, a plaintiff challenging an agency action under the APA must exhaust administrative remedies before bringing suit in federal court. 5 U.S.C. § 704. And where an agency has taken no action, "a plaintiff must proceed through the administrative process" before bringing suit. *Ukiah Valley Med. Ctr. V. FTC*, 911 F.2d 261, 267 (9th Cir. 1990). Here, Weimer is seeking money damages and does not claim to have proceeded through the administrative process or obtained any final agency action. Thus, to the extent Weimer's Complaint can be read as asserting a claim against the federal Defendants under the APA, the APA's limited waiver of sovereign immunity does not apply.

Because Weimer has not alleged any claims against the federal Defendants falling within a waiver of sovereign immunity, their motion to dismiss the Complaint for lack of subject matter jurisdiction should be granted. Even if the Court did have subject matter jurisdiction over Weimer's claims against the federal

9

Defendants, dismissal would nonetheless be proper because Weimer fails to state a cognizable claim for relief against any of the Defendants in this case.

### B.      Failure to State a Claim

The federal Defendants, Google, and Microsoft have filed separate Rule 12(b)(6) motions to dismiss, all of which seek dismissal on the ground that the Complaint does not set forth any cognizable claims for relief.[1]

To the extent Weimer alleges Defendants violated the First Amendment to the United States Constitution, he fails to state a claim for relief. To begin with, the First Amendment does not apply to private corporations or persons, which means that Weimer cannot state a First Amendment claim for relief against Google and Microsoft. See e.g., *Redden v. The Women's Center of San Joaquin County*, 2006 WL 132088, *1 (N.D. Cal. Jan. 17, 2006). Furthermore, although Weimer refers to the "U.S. First Amendment" in the Complaint, he does not provide any coherent supporting factual allegations. Because the Complaint does not provide any of the Defendants with any comprehensible notice of their alleged wrongdoing, it fails to state a First Amendment claim for relief.

---

[1] Google also moves to dismiss under Rule 12(b)(1) on the ground that the allegations in the Complaint are not sufficient to invoke the Court's subject matter jurisdiction. The Court finds that Weimer has alleged the bare minimum necessary to invoke the Court's subject matter jurisdiction. As discussed below, however, Weimer fails to state a claim for relief.

Weimer also alleges Defendants violated a laundry list of federal and state criminal statutes, namely, 18 U.S.C. §§ 1462, 1465, 1466, and 1470; MCA § 45-8-201; NYPL § 235-235.24, and CAPC § 313-313.5. None of these statutes provides for a private right of action. See *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1230 (9th Cir. 2008) (criminal provisions that do not provide a basis for civil liability do not give rise to a civil cause of action). In particular, "Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action." *ManorCare of Easton PA LLC v. Nagy*, 2017 WL 4347624, *4 (E.D. Pa. Sept. 29, 2017). Likewise, the state criminal obscenity statutes Weimer cites do not provide a basis for civil liability and this Court will not infer a private right of action. See *Sohal v. City of Merced Police Dept.*, 2009 WL 961465 *7 (Apr. 8, 2009) (recognizing that federal courts are reluctant to infer a private right of action from state criminal statutes). Because none of these federal and state criminal statutes provides for a private right of action, Weimer fails to state a claim for relief.

The Complaint further alleges that Defendants violated 18 U.S.C. §§ 2252 and 2252A. While 18 U.S.C. § 2255 provides for a civil remedy for violations of certain child pornography provisions, including 18 U.S.C. §§ 2252 and 2252A, the Complaint does not contain any allegations relating to child pornography. Rather,

11

Weimer alleges he viewed pornography before he became an adult. As such,

Weimer fails to state a plausible claim for relief based on 18 U.S.C. §§ 2252 and

2252A.

The Complaint also alleges a violation of Federal Regulation 28 C.F.R. §

75.1. But 28 C.F.R. § 75.1 does not provide for a private right of action, and is

simply the definitional sectional of the implementing regulations promulgated

under 18 U.S.C. § 2257. Regardless, the Complaint fails to state any facts in

support of a claim that Defendants somehow violated this regulation.

To the extent Weimer alleges violations of the Communications Decency

Act, 47 U.S.C. §§ 223(d) and 230-231, he likewise fails to state a claim for relief.

Section 223(d) imposes criminal penalties for knowingly sending or displaying

certain offensive materials to minors, but contains no private right of action. See

*Cox v. Randazza*, 2013 WL 6408736, *6 (D. Nev. Nov. 27, 2013). Section 230

establishes obligation of providers of interactive computer services relating to

limiting access to material that is harmful to minors and provides protections for

persons who block or screen certain offensive material that is sent or displayed

using an interactive computer services. Section 231 establishes penalties for any

person who knowingly in interstate and foreign commerce by means of the World

Wide Web makes any communication for commercial purposes that is available to

any minor and that includes material that is harmful to minors. Neither of these statutes impose any duty on the federal Defendants, and do not provide a basis for imposing liability against the federal Defendants.

As to Google and Microsoft, they both argue that even if Weimer's Complaint could be construed as stating a cognizable claim based on his use of their internet search engines to find harmful materials on the internet, Section 230 actually protects them liability. The Ninth Circuit has held that Section 230 "immunizes providers of interactive computer services against liability arising from content created by third parties." *Fair Housing Council of San Fernando Valley v. Roommates.com, LC*, 521 F.3d 1157, 1162 (9th Cir. 2008). Dismissal under Section 230 is appropriate where (1) the defendant is a provider of an "interactive computer service", (2) the content at issue was "provided by another content provider," and (3) the plaintiff's theory of liability seeks to treat defendant as a "publisher or speaker" of third-party content. 47 U.S.C. § 230(c)(1); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101 (9th Cir. 2009); *Gonzales v. Google., Inc.*, 200 F.Supp.3d 1150, 1163 (N.D. Ca. 2017). On the facts as alleged, these criteria are all met here.

First, liberally construed, the Complaint alleges that Google and Microsoft provided access to third party content through the internet, thereby qualifying them

13

as "interactive computer services." 47 U.S.C. § 230(f)(2). Second, liberally construed, the Complaint alleges that Google and Microsoft permitted minors to access adult content "provided by another content provider." Third, liberally construed, the Complaint seeks to hold Google and Microsoft liable as "publishers" of third party adult content. Thus, even if Weimer has otherwise stated a claim against these Defendants – which he has not – Section 230 would preclude liability, rather than provide a basis for imposing liability.

## IV.   <u>Conclusion</u>

Because the Court does not have subject matter jurisdiction over Weimer's claims against the federal Defendants, and Weimer fails to state a cognizable claim for relief against any of the Defendants,

IT IS RECOMMENDED that Defendants' motions to dismiss (docs. 12, 16, and 28) be GRANTED, Weimer's cross motion for summary judgment (doc. 32) be DENIED, and this case be DISMISSED.

DATED this 17th day of August, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge