```
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| ANTHONY WEIMER, | CV 18–78–M–DLC–JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| GOOGLE INC.; MICROSOFT CORPORATION; FEDERAL COMMUNICATION COMMISSION: U.S. DEPARTMENT OF JUSTICE, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation in this case on August 17, 2018, recommending that the Court grant the Defendants' motions to dismiss (Docs. 12, 16, and 28), deny Plaintiff Anthony Weimer's motion for summary judgment (Doc. 32), and dismiss this case. Weimer timely objected to the Findings and Recommendations. (Doc. 44.) Consequently, Weimer is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. See *Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is

left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

Judge Lynch determined that the Court lacks subject matter jurisdiction over Weimer's claims against the Federal Defendants because the United States has not waived sovereign immunity as to these claims. Weimer objects, arguing that 47 U.S.C. §§ 206 and 207 allow his suit to proceed. (Doc. 44 at 3.) Reviewing de novo, the Court finds that Weimer has not presented a viable argument regarding the United States's waiver of sovereign immunity. Both cited provisions apply to "common carriers," not to governmental agencies. *See* 47 U.S.C. § 153 (defining "common carrier" as "any person engaged as a common carrier *for hire*") (emphasis added). Accordingly, dismissal is appropriate as to these claims pursuant to Federal Rule of Civil Procedure 12(b)(1). *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) ("[T]he United States can be sued only to the extent it has waived its sovereign immunity.").

Pursuant to Federal Rule of Procedure 12(b)(6), Judge Lynch also determined that Weimer failed to state a claim upon which relief could be granted as to any Defendant. Weimer contends that Judge Lynch "undermine[d] the law by stating that section 230 of Title 47 part 1 protects Google Inc. and Microsoft Corporation." (Doc. 44 at 5.) Reviewing de novo, the Court concludes that 47

U.S.C. § 230 insulates Google and Microsoft from liability. That statute provides that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Accordingly, Google and Microsoft cannot be held liable to Weimer for the publication of pornographic materials by third parties. Weimer further argues that 47 U.S.C. §§ 206 and 207 authorize his claims against the Federal Defendants, but, as discussed above, these provisions clearly do not apply to federal agencies.

Reviewing the remaining portions of Judge Lynch's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendation (Doc. 43) are ADOPTED IN FULL;

(2) The Defendants' motions to dismiss (Docs. 12, 16, and 28) are GRANTED;

(3) Weimer's motion for summary judgment (Doc 32) is DENIED; and

(4) This case is DISMISSED.

DATED this 24th day of October, 2018.

Dana L. Christensen, Chief Judge
United States District Court