IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

DEC 12 2013

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| ANTHONY WEIMER, | CV 18–78–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| GOOGLE INC.; MICROSOFT CORPORATION; FEDERAL COMMUNICATION COMMISSION: U.S. DEPARTMENT OF JUSTICE, | |
| Defendants. | |

Before the Court is Plaintiff Anthony Weimer's Objection to the Court's Order of November 21, 2018. (Doc. 56.) Weimer asks the Court to reconsider its Order denying his previous motion to reconsider. The Court construes the latest motion as a second motion for reconsideration.

Local Rule 7.3 provides:

(a) Leave of Court Required. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a judge requesting that the judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that judge on any ground set forth in L.R. 7.3(b)(1) or (2). No party may file a motion for reconsideration without prior leave of court.

-1-

> (b) Form and Content of Motion for Leave. A motion for leave to file
> a motion for reconsideration must be limited to seven pages and
> must specifically meet at least one of the following two criteria:
>> (1)  (A) the facts or applicable law are materially different
>> from the facts or applicable law that the parties presented
>> to the court before entry of the order for which
>> reconsideration is sought, and
>> (B) despite the exercise of reasonable diligence, the party
>> applying for reconsideration did not know such fact or
>> law before entry of the order; or
>
> (2) new material facts emerged or a change of law occurred
> after entry of the order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave
> to file a motion for reconsideration may repeat any oral or written
> argument made by the applying party before entry of the order.
> Violation of this restriction subjects the offending party to
> appropriate sanctions.

Weimer's latest filing is out of compliance with the local rules. He did not file a motion for leave to file a motion for reconsideration. However, just as the Court did with his last motion for reconsideration, it will construe Weimer's pro se filing liberally and excuse the error.

More problematically, Weimer's filing does not comply with Rule 7.3(c). The Court has heard and responded to the same factual and legal arguments twice already—first, in its Order adopting the Findings and Recommendation (Doc. 51), and second, in its Order denying Weimer's first motion for reconsideration (Doc. 55). The only new argument raised in Weimer's latest filings—that the Court's

denial of Weimer's claims constitutes an act of rebellion against the United States—is frivolous.

No matter how liberally it is construed, Weimer's latest filing gives no colorable reason to reconsider the Order dismissing this case (Doc. 51) or the Order denying reconsideration (Doc. 55). There has been no "mistake, inadvertence, surprise, or excusable neglect" on the part of the Court or any party; no "newly discovered evidence"; no "fraud . . . , misrepresentation, or misconduct by an opposing party"; no void judgment; and no change in law or manifest legal error. Fed. R. Civ. P. 60(b).

Accordingly, IT IS ORDERED that Weimer's latest motion (Doc. 56) is DENIED.

IT IS FURTHER ORDERED that the Court will not consider any further filings—including any additional motions for reconsideration—in this action unless they relate to Weimer's ability to appeal the Court's decision. Appeal is the only remaining remedy available to Weimer. Any further filings in this action that do not relate to Weimer's ability to appeal the Court's decision will be stricken on the grounds that the case is now closed.

DATED this 12th day of December, 2018.

Dana L. Christensen, Chief Judge
United States District Court

-4-